UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES G. MOORE and KATHLEEN F. MOORE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT FOR REFUND OF FEDERAL INCOME TAX AND INTEREST** |

Plaintiffs, Charles G. and Kathleen F. Moore (collectively, "the Moores"), file this Complaint against the United States of America pursuant to 26 U.S.C. §§ 7422 and 6532, petitioning for a refund of federal income taxes paid to Defendant United States of America with respect to the taxable year ended December 31, 2017, and statutory interest thereon. As the basis for their Complaint, Plaintiffs allege as follows:

**I.      NATURE OF THE ACTION**

1.  When the United States moved towards a territorial corporate tax system in the Tax Cuts and Jobs Act of 2017, families like that of Plaintiffs Charles and Kathleen Moore were hit

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 1
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

with a new and unexpected tax liability. The Act's so-called "Mandatory Repatriation Tax" deemed certain foreign corporate earnings going back to 1986 to be repatriated to individual U.S. shareholders and subject to a 15.5 percent tax rate. For the Moores, that meant an unexpected tax bill, based on their small stake in an Indian company, KisanKraft Ltd., that a friend founded to provide affordable equipment to India's small-scale farmers. That tax bill was based on earnings retained by and reinvested by the company that the Moores never received. Simply for owning a stake in their friend's overseas business, they were on the hook for thousands of dollars in taxes.

2. The Mandatory Repatriation Tax is unconstitutional for two independent reasons. First, it violates the Constitution's Apportionment Clause, which requires direct taxes to "be apportioned among the several states." The Mandatory Repatriation Tax is a direct tax, and not an income tax, because it is not based on income at all, but on the fiction that taxpayers subject to it received income in the absence of an actual "gain…*received or drawn by* the recipient (the taxpayer) for his separate use, benefit and disposal." *Eisner v. Macomber*, 252 U.S. 189, 207 (1920). In this respect, it is no different from an unapportioned tax on capital itself and equally beyond Congress's power to enact. Second, the Mandatory Repatriation Tax violates the Fifth Amendment's Due Process Clause because it imposes retroactive tax liability for earnings dating back over three decades to 1986. That is precisely the kind of "harsh and oppressive" retroactive taxation that the Supreme Court has held to "transgress…constitutional limitation." *Welch v. Henry*, 305 U.S. 134, 147 (1938).

3. Because the Mandatory Repatriation Tax is unconstitutional, the Moores are entitled to a refund of the amounts they paid under the Mandatory Repatriation Tax.

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 2
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

## II. THE PARTIES

4. Plaintiff Charles G. Moore ("Mr. Moore") resides at 10834 179th Ct. NE, Redmond, WA 98052.

5. Plaintiff Kathleen F. Moore ("Mrs. Moore") resides at 10834 179th Ct. NE, Redmond, WA 98052.

6. Defendant, by and through its agency, the Internal Revenue Service, is the United States of America.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

8. Venue is proper in this Court under 28 U.S.C. § 1402(a)(1) because the Moores reside within the Court's Judicial District.

9. Pursuant to 26 U.S.C. §§ 7422 & 6532(a)(1), the Moores bring this action (1) after they paid the disputed federal income taxes that were erroneously assessed, and (2) after six months from their timely filing of refund claims with the Internal Revenue Service for the overpayment of federal income taxes, and statutory interest thereon.

10. The Moores have satisfied all conditions precedent to filing this suit.

## IV. BACKGROUND

### Statutory Background

11. Prior to the passage of the Tax Cuts and Jobs Act of 2017 ("TCJA"), certain foreign income of a controlled foreign corporation (e.g., active business income) was generally not taxed until it was repatriated through a distribution or loan to U.S. shareholders. As a result, taxation of such income could generally be deferred indefinitely provided the controlled foreign corporation reinvested those earning abroad.

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 3
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

12. The TCJA imposed a tax on previously earned foreign income of a controlled foreign corporation, which the TCJA refers to as "deferred foreign income." In particular, the TCJA deemed deferred foreign income of controlled foreign corporations earned from 1986 through 2017 to be treated as having been distributed to U.S. shareholders and thus subject to U.S. federal taxation. *See* 26 U.S.C. § 965. This tax has come to be known as the "Mandatory Repatriation Tax."

13. A controlled foreign corporation is not liable for the Mandatory Repatriation Tax. Instead, U.S. shareholders who own at least a 10 percent stake in a controlled foreign corporation with deferred foreign income are liable for the Mandatory Repatriation Tax.

14. Such shareholders are liable for the Mandatory Repatriation Tax even when the deferred foreign income was not distributed to them and even when they had no control over whether the deferred foreign income could be distributed to them.

**Factual Background**

15. Mr. Moore owned 12.937 percent of KisanKraft Limited, a closely held Indian public limited company and controlled foreign corporation for U.S. tax purposes ("KisanKraft").

16. KisanKraft is headquartered and has a registered office in Bangalore, India.

17. KisanKraft is a certified manufacturer, importer, and distributor of affordable farming equipment in India. KisanKraft primarily serves small and marginal farmers throughout India. In general, such farmers are underserved in India because major manufacturers, importers, and distributors of farming equipment focus on large commercialized farmlands.

18. Mr. Moore has owned shares of stock in KisanKraft since 2006.

19. Since 2006, KisanKraft has experienced steady revenue growth and has reported positive earnings almost every year.

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 4
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

20. None of those profits were distributed to Mr. Moore. Instead, they were retained by KisanKraft and reinvested in its business abroad.

21. The Moores timely filed their 2017 federal income tax return with the Internal Revenue Service on or before the April 17, 2018 deadline (the "Original Return").

22. The Moores filed an amended return on October 26, 2018 the ("Amended Return"). The Amended Return included:

(a) Disclosures of Mr. Moore's 12.937 percent direct ownership of KisanKraft;

(b) A reasonable cause statement requesting that penalties not be imposed as a result of the Moores' unintentional failure to previously file disclosures of Mr. Moore's ownership of shares in KisanKraft; and

(c) A payment of $15,130 that resulted from an increase in tax due to:

(i) The inclusion in taxable income of their pro rata share of the post-1986 earnings and profits of KisanKraft pursuant to 26 U.S.C. § 965;

(ii) The partial participation exemption deduction pursuant to 26 U.S.C. § 965(c); and

(iii) A reduced foreign tax credit offset pursuant to 26 U.S.C. § 965(g) (collectively, these amounts are referred to as the "Mandatory Repatriation Tax Inclusion").

23. As a result of the TCJA's Mandatory Repatriation Tax, the Moores were required to report as taxable income the Mandatory Repatriation Tax Inclusion amount of $132,512.

24. The Moores filed as their claim for refund a second amended return on March 25, 2019 (the "Refund Claim," Ex. A). The Refund Claim asserts the Mandatory Repatriation Tax Inclusion of $132,512 as income in the Amended Return is not lawfully taxable under the

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 5
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

Constitution's Apportionment Clause and Due Process Clause. The Refund Claim requested a refund of the $14,729 additional amount of federal income taxes paid.

25. The Moores are the sole owners of their refund claim and have made no assignment or transfer of any part of that claim.

## V. THE INTERNAL REVENUE SERVICE'S POSITION

26. On August 30, 2019, the Internal Revenue Service mailed a letter to the Moores stating their Refund Claim was being referred to a separate office.

27. The letter further indicated the Moores would receive a response within 45 days.

28. As of the date of this filing, no response has been received.

29. As of the date of this filing, no notice of disallowance has been mailed to the Moores.

30. On September 9, 2019, the Internal Revenue Service mailed a letter to the Moores indicating that the Amended Return had been accepted and no penalties were assessed.

## VI. CAUSES OF ACTION

### COUNT I:
### Unconstitutional Direct Tax

31. The Moores hereby incorporate by reference the allegations contained in paragraphs 1 to 30 of this Complaint as if fully set forth herein.

32. The Apportionment Clause of Article I, Section 9 of the U.S. Constitution prohibits unapportioned direct taxes.

33. The Mandatory Repatriation Tax is not apportioned among the states.

34. The Mandatory Repatriation Tax is a direct tax, because it directly taxes U.S. shareholders who own at least 10 percent (by vote or value) of a controlled foreign corporation.

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 6
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

35.     The Mandatory Repatriation Tax is not an income tax authorized by the Sixteenth Amendment because it imposes a tax liability in the absence of a "gain, a profit, something of exchangeable value *proceeding from* the property, *severed from* the capital however invested or employed, and *coming in* being '*derived*,' that is, *received* or *drawn by* the recipient (the taxpayer) for his *separate* use, benefit, and disposal." *Eisner v. Macomber*, 252 U.S. 189, 207 (1920).

36.     The Mandatory Repatriation Tax therefore violates the Apportionment Clause and is unconstitutional.

37.     Accordingly, the Mandatory Repatriation Tax Inclusion of $132,512 is not federal taxable income, and the Moores are entitled to a refund for their 2017 year in the amount of $14,729, plus statutory interest.

## COUNT II:
## Retroactive Taxation in Violation of the Due Process Clause

38.     The Moores hereby incorporate by reference the allegations contained in paragraphs 1 to 37 of this Complaint as if fully set forth herein.

39.     The Fifth Amendment's Due Process Clause bars retroactive impositions of tax liability where "the retroactive application is so harsh and oppressive as to transgress the constitutional limitation." *Welch v. Henry*, 305 U.S. 134, 147 (1938).

40.     The Mandatory Repatriation Tax retroactively imposes tax liability going back to 1986, over three decades prior to its enactment.

41.     The Mandatory Repatriation Tax is a new tax. It is not a technical correction or refinement of preexisting tax law. Instead, it imposes a tax liability in a way that could not have been foreseen or planned for prior to its enactment, let alone 30 years prior to its enactment. In other words, "the nature or amount of the tax could not reasonably have been anticipated by the taxpayer" or the controlled foreign corporation at the time of the events that the Mandatory

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 7
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

Repatriation Tax later made taxable. *Welch*, 305 U.S. at 147. Taxpayers were not "forewarned by the statute books of the possibility of such a levy." *Id*.

42. The Mandatory Repatriation Tax therefore violates the Fifth Amendment's Due Process Clause and is unconstitutional.

43. Accordingly, the Mandatory Repatriation Tax Inclusion of $132,512 is not federal taxable income, and the Moores are entitled to a refund for the 2017 year in the amount of $14,729, plus statutory interest.

## VII.   PRAYER FOR RELIEF

WHEREFORE, the Moores respectfully request that the Court:

44. Determine that the disputed federal income taxes were erroneously assessed and the Moores have valid defenses against the assertion of such taxes;

45. Award the Moores a refund for the 2017 year in the amount of $14,729, plus statutory interest;

46. Award the Moores their costs in this action;

Enter such other further relief to which the Moores may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 8
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

DATED this 26th day of September, 2019.

Respectfully submitted,

BAKER & HOSTETLER LLP

*s/ James R. Morrison*
James R. Morrison, WSBA No. 43043
999 Third Avenue
Suite 3600
Seattle, WA  98104-4040
Tel:     206.332.1380
FAX:   206.624.7317
E-mail: jmorrison@bakerlaw.com

Andrew M. Grossman*
David B. Rivkin, Jr.*
Jeffrey H. Paravano*
Katherine L. McKnight*
Nicholas C. Mowbray*
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
E-mail: agrossman@bakerlaw.com
E-mail: drivkin@bakerlaw.com
E-mail: jparavano@bakerlaw.com
E-mail: kmcknight@bakerlaw.com
E-mail: nmowbray@bakerlaw.com

COMPETITIVE ENTERPRISE INSTITUTE
Sam Kazman*
Devin Watkins*
1310 L Street NW, 7th Floor
Washington, D.C. 20005
Tel: (202) 331-1010
Fax: (202) 331-0640
Email: Sam.Kazman@cei.org
Email: Devin.Watkins@cei.org

*Attorneys for Plaintiffs*

*Pro hac vice applications forthcoming.

COMPLAINT FOR REFUND OF FEDERAL
INCOME TAX AND INTEREST - 9
CASE NO.:

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380