Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES G. MOORE AND KATHLEEN F. MOORE, | Case No. 2:19-cv-1539-JCC |
| Plaintiffs, | **UNITED STATES' RULE 56(d) MOTION** |
| v. | |
| UNITED STATES OF AMERICA, | **NOTE ON MOTION CALENDAR: May 29, 2020** |
| Defendant. | |

In an abundance of caution, in the event that the Court denies the United States' motion to dismiss (Dkt. No. 26), the United States moves under Rule 56(d) for (1) additional time to take discovery and supplement its opposition to Charles and Kathleen Moore's (the "Moores") motion for summary judgment (Dkt. No. 29) before the Court rules on the motion, and (2) an order deferring consideration of the Moores' summary judgment motion until after the close of discovery in this case. If, instead, the Court grants the United States' motion to dismiss (which it should), then discovery will not be needed and this Rule 56(d) request will be moot.

**LEGAL STANDARD**

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1)

---

U.S. Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6547

defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (internal quotation marks omitted).

Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

## ARGUMENT

Because 26 U.S.C. § 965 is constitutional, the United States should prevail on its motion to dismiss (Dkt. No. 26), and the Moores' cross-motion for summary judgment (Dkt. No. 29) should be denied. However, to ensure it preserves all arguments, the United States is making a Rule 56(d) request in the alternative, should the Court deny the motion to dismiss or the Moores otherwise prevail on their constitutional challenge to 26 U.S.C. § 965 (*see* Dkt. Nos. 1, 29). If this alternative scenario arises, the United States will need additional time to take discovery before it can present facts essential to justify its opposition to the Moores' motion for summary judgment. *See* Fed. R. Civ. P. 56(d).

U.S. Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

As part of its defense in this case, the United States is entitled to examine the Moores' 2017 returns, to redetermine their 2017 tax liability, and to raise any offsets (*i.e.*, under-assessed liabilities, improper deductions or credits, or other erroneous items) that could reduce or eliminate any overpayment. *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932); *Cashman v. United States*, 931 F.2d 896 (Table), 1991 WL 67902, at *1–2 (9th Cir. 1991). This is because the Moores bear the burden of proving the amount they are entitled to recover: they must show they actually overpaid their taxes, not just that the tax assessment was erroneous in some respects. *United States v. Janis*, 428 U.S. 433, 440 (1976); *Lewis*, 284 U.S. at 283.

The United States has made a timely request under Rule 56(d). The Moores filed a very early summary judgment motion, before discovery even began. *See, e.g.*, *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3–4 (W.D. Wash. Apr. 16, 2014) (granting Rule 56(d) request made during "early stages" of litigation). There can be no question that the United States has diligently pursued discovery of the evidence. *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773–74. It has had no opportunity to conduct discovery in the first place.

The United States supports its Rule 56(d) request with a declaration from undersigned counsel. Declaration of Jennifer Y. Golden ("Golden Decl.") (attached hereto). The declaration specifically identifies relevant information that can be obtained from the Moores and their CPA through written discovery and depositions. Golden Decl., ¶¶ 3-9. In particular, the Moores and their CPA have relevant information on how the Moores calculated their claimed refund of $14,729 and how the Moores determined the treatment of all other items on their returns. *Id.* The United States needs this information to identify and raise any offsets to the Moores' claimed overpayment, without which it cannot present a full opposition to the Moores' motion for summary judgment (again, assuming the Moore prevail on the § 965 issues). *Janis*, 428 U.S. at

U.S. Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

440; *Lewis*, 284 U.S. at 283; *see, e.g.*, *Atigeo*, 2014 WL 1494062, at *3–4 (granting Rule 56(d) request supported by declaration from counsel identifying relevant information sought, including written discovery requests and depositions).

The United States satisfies the Ninth Circuit's requirements for a Rule 56(d) request. *Employers Teamsters*, 353 F.3d at 1129.

## CONCLUSION

If the Court denies the United States' motion to dismiss (Dkt. No. 26) or otherwise finds 26 U.S.C. § 965 unconstitutional, it should grant the United States' Rule 56(d) motion, defer consideration of the Moores' summary judgment motion until after the close of discovery, and allow the United States thirty (30) days after the close of discovery to supplement its summary judgment opposition.

Dated: May 11, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Jennifer Y. Golden
JENNIFER Y. GOLDEN
Trial Attorney
KARI M. LARSON
Senior Litigation Counsel
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:  202-616-3822 (Larson)
Tel:  202-307-6547 (Golden)
Fax: 202-307-0054
Kari.M.Larson@usdoj.gov
Jennifer.Y.Golden@usdoj.gov

*Attorneys for the United States of America*

U.S. Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2020, I served a copy of the foregoing document by filing a copy through the Court's CM/ECF system, which will send an electronic copy to:

James R. Morrison (jmorrison@bakerlaw.com)
Baker & Hostetler LLP
999 Third Avenue
Suite 3600
 Seattle, WA 98104-4040

Andrew M. Grossman (agrossman@bakerlaw.com)
David B. Rivkin, Jr. (drivkin@bakerlaw.com)
Jeffrey H. Paravano (jparavano@bakerlaw.com)
Katherine L. McKnight (kmcknight@bakerlaw.com)
Nicholas C. Mowbray (nmowbray@bakerlaw.com)
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Competitive Enterprise Institute
Sam Kazman (Sam.Kazman@cei.org)
Devin Watkins (Devin.Watkins@cei.org)
1310 L Street NW, 7th Floor
Washington, D.C. 20005

*Attorneys for Plaintiffs*

                                                    Respectfully submitted,

                                                    /s/ Jennifer Y. Golden
                                                    JENNIFER Y. GOLDEN
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice

U.S. Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547