HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES G. MOORE and KATHLEEN F. MOORE,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Civil Action No. 2:19-cv-01539 JCC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** |

Plaintiffs Charles G. Moore and Kathleen F. Moore hereby respond in opposition to Defendant's Rule 56(d) motion.

**<u>Introduction</u>**

The Government's Rule 56(d) motion should be denied because it has failed to meet its "burden [under Rule 56(d)] of showing what facts [it] hopes to discover to raise a material issue of fact." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) (quotation marks omitted). That it may wish to "redetermine" the Moores' 2017 income-tax liability by raising potential "offsets" does not relieve it of that burden. To the contrary, when seeking to avoid summary judgment in a tax-refund suit, the Government still bears the initial burden "to show that there is a reasonable

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 1
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

basis for its claim" and that its inquiry "is not a mere fishing expedition or a method of discouraging taxpayers from seeking refunds on meritorious claims." *Ahmanson Found. v. United States*, 674 F.2d 761, 777 (9th Cir. 1981) (quotation marks omitted). Here, the Government's perfunctory showing is practically an admission that revisiting the Moores' 2017 return would be an aimless fishing expedition. On that basis, the motion should be denied.

## Argument

### I. There Is No Basis for Discovery Respecting the Moores' MRT Liability

Because it is undisputed the Moores made a separate payment to satisfy their Mandatory Repatriation Tax ("MRT") liability, and claim entitlement to a refund of precisely that amount, there can be no genuine dispute of fact over the refund amount claimed by the Moores in the event the Court holds the MRT unconstitutional. In addition, the Government has not met its burden to identify any basis for discovery with respect to the amount of the Moore's MRT liability or their payment of that amount to the Government.

#### A. There Is and Can Be No Genuine Dispute on the Moores' MRT Payment and Claimed Refund Amount

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). The Moores availed themselves of that opportunity by requesting judgment on their purely legal claim that the "Mandatory Repatriation Tax" ("MRT") is unconstitutional. ECF No. 29. The Moores also presented evidence that they *actually paid* $14,729 in MRT liability and that they did so with an amended tax return filed in fall 2018. ECF No. 29-3 ¶ 29. This amended return was *separate and distinct* from the Moores' initial tax return, which (due to their good-faith ignorance) did not include a payment of this tax. *Id.* The sole difference between the original tax return and the amended return was the inclusion of the income associated with the MRT, and the $14,729 payment can only relate to that tax. The Government does not deny that it received a $14,729 payment from the Moores to satisfy their MRT liability.

Under clearly established law, these facts amply support summary judgment in the Moores' favor if the Court agrees that the MRT is unconstitutional. The Moores bore the summary-

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 2
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

judgment burden to "initially identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which [they] believe[] demonstrate the absence of a genuine issue of material fact.'" *FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The Moores did this by presenting their legal positions and a declaration stating that the Moores paid $14,729 in MRT liability, which must all be refunded if the tax is held unconstitutional. *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989 (9th Cir. 1999), *as amended* (Aug. 4, 1999) (finding uncontested affidavits sufficient to meet summary-judgment burden).

From there, "the burden shifts to the non-moving party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Stefanchik*, 559 F.3d at 928 (quoting *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007)). The Government has not even attempted to meet that burden. *See, e.g.*, *Propstra v. United States*, 680 F.2d 1248, 1251 (9th Cir. 1982) (granting summary judgment in tax case where the taxpayers presented affidavits and the Government "submitted no countervailing facts"). It could have, for example, presented a declaration stating that the Government did not receive a MRT payment from the Moores, that the payment was less than $14,729, or that the payment came in a comingled form so that it was impossible for IRS officials to discern what portion was attributable to the MRT. The Government made no such showing.

Accordingly, this purely legal case merits a purely legal result. There is no dispute of material fact that $14,729 left the Moores' possession and entered the Government's possession for the stated purpose of satisfying their MRT liability. And so there can be no dispute that, if the tax is unconstitutional, the $14,729 must be returned to the Moores.

**B.    The Government Fails To Establish a Basis for Discovery on the Amount the Moores Paid To Satisfy Their MRT Liability**

The Government invokes Rule 56(d) and asks the Court to put off a ruling on the Moores' motion until after discovery, but it fails to show that it "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "The burden is on the party seeking additional discovery to

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 3
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). "Compliance with Rule 56[(d)] requires more than a perfunctory assertion that the party cannot respond because it needs to conduct discovery." *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1213 (C.D. Cal. 2002). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Employers Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). "[T]he Rule requires affidavits setting forth with particularity: (1) why the party opposing summary judgment cannot respond; (2) the particular facts that the party reasonably expects to obtain in further discovery; and (3) how the information reasonably expected from its proposed discovery requests could be expected to create a genuine issue of material fact that would defeat the summary judgment motion." *Adams*, 187 F. Supp. 2d at 1213 (collecting cases).

The Government does not carry that burden. Its two-page declaration *admits* that the IRS is in possession of the Moores' original and amended tax returns. Golden Decl. ¶ 4. This affirmatively refutes any contention that the Government "*cannot respond*." Fed. R. Civ. P. 56(d) (emphasis added); *Adams*, 187 F. Supp. 2d at 1213. If it has the returns, it *can* respond with any discrepancy that exists. And its assertion that IRS agents are "still in the process of examining the Moores' returns," Golden Decl. ¶ 5, is an admission that the Government has not "diligently pursued discovery of the evidence," ECF No. 34, at 3. It has not acted diligently if it has not even completed review of the items that it concedes are in its possession. This omission is all the more glaring insofar as the Government has ample authority to open an examination and make an assessment independent of discovery in this case. *See* 26 U.S.C. §§ 6201(a) and 6211. Indeed, as set forth in the Internal Revenue Manual, the IRS maintains extensive records on taxpayers, and, by following detailed internal operating procedures, can obtain those records in order to

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 4
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

redetermine tax liability. IRM § 34.5.2.2.[1] It does not need discovery to obtain evidence to dispute whether the $14,729 was actually paid. And if the Government disputes that the Moores actually paid that sum, it could have said so, but this is plainly an issue within its own control and cannot be a reason why it "*cannot respond*" at this stage. Fed. R. Civ. P. 56(d) (emphasis added).

Equally unavailing is the Government's contention that it needs discovery into how the Moores "calculated the alleged refund amount." Golden Decl. ¶ 6. The Moores do not claim to have calculated a refund amount at all; instead, the Moores contend that they *actually paid* $14,729 to satisfy the MRT in a discrete payment made well after the Moores satisfied their other tax liability. ECF No. 29-3 ¶ 29. If the MRT is unconstitutional, then the only relevant "calculation" is that the Moore's MRT liability would be zero. That being so, the Moores would be entitled to a return of the amount actually paid, the $14,729. No error in how that sum was calculated would be material, because, whether or not the Moores calculated their MRT liability correctly, they would be entitled to the return of the whole amount they paid to satisfy the MRT.

Accordingly, no calculation could constitute "a genuine issue of material fact that would defeat the summary judgment motion." *Adams*, 187 F. Supp. 2d at 1213; *see also Employers Teamsters*, 353 F.3d at 1130 (holding that parties moving for discovery "were not entitled to discovery bearing" on issues not raised in the summary-judgment motion).[2]

## II. The Government Fails To Establish a Basis for Discovery on Other Aspects of the Moores' Tax Return

Grasping at straws, the Government asserts a need for discovery "to redetermine [the Moores'] 2017 tax liability" and "to raise any offsets" against the Moore's claimed refund. ECF No. 34, at 3. As a threshold matter, the Government does not establish why it "cannot respond" with a material dispute of fact on these topics, and its powers to audit and the broad range of

---

[1] *Available at* https://www.irs.gov/irm/part34/irm_34-005-002.

[2] The United States' own cited authority, *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767 (9th Cir. 2003), cuts against its position, because the case *rejected* discovery on an issue that "bears no demonstrable nexus to the" issues raised on summary judgment. *Id.* at 774. So too here.

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 5
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

materials it already possesses establish that, if there really were a dispute of fact, the Government *could* respond at this stage.

That aside, the Government is not entitled "to redetermine" the Moores' 2017 tax liability or "to raise any offsets." The Government presents no basis, not even a suggestion, that the Moores underpaid their 2017 income tax. Because the Government bears a threshold burden to "come forward with sufficient evidence to show that there is a reasonable basis for its claim," *Ahmanson Found.*, 674 F.2d at 777, its failure to identify any error whatsoever defeats its contention that the Moores' return may be revisited in this case.

Ninth Circuit law is clear that, in seeking to redetermine a tax liability in a refund suit, the Government cannot simply point to the taxpayer's ultimate burden to establish the correct amount of liability and declare open season on all tax issues. It instead must meet the "burden of establishing that its equitable setoff defenses to a tax refund suit are made in good faith and are not completely lacking in substance." *Id.* at 777. That, in turn, requires the Government to show "that there is *some substance* to its claim and is not a mere fishing expedition or a method of discouraging taxpayers from seeking refunds on meritorious claims." *Id*. (quotation marks omitted and emphasis added). And, "[i]f the government fails to make such a showing, then it may be subject to summary judgment." *Id.*; *see also Tr. Servs. of Am., Inc. v. United States*, 885 F.2d 561, 567 (9th Cir. 1989) (reaffirming this burden-shifting framework); *Mahoney v. United States*, 223 Ct. Cl. 713, 718, *as amended* 224 Ct. Cl. 668 (1980) (requiring the Government to present "'concrete and positive evidence' before it initiates discovery into matters relevant only as to establishment of offsets").

Here, the Government effectively admits that it has no basis to suspect the Moores of tax errors or underpayment that might support offset. Its sole contention is that "it is *possible* that the Moores underreported income, took improper deductions or credits, or treated items inaccurately in some other way that resulted in an underassessment of their income tax liabilities, separate from the 26 U.S.C. § 965 dispute." Golden Decl. ¶ 5 (emphasis added). This claim of mere possibility

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 6
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

reflects that the Government's discovery request is premised on pure speculation and falls far short of establishing that "there is some substance to its claim" and that it "is not merely a fishing expedition." *Ahmanson*, 674 F.2d at 777 (quotation marks omitted). Accordingly, it has failed to carry its Rule 56(d) burden.

### III.    The Government Fails To Establish Any Other Basis for Discovery

The remainder of the Government's perfunctory declaration simply asserts various forms of discovery that exist under the Federal Rules but does not identify a basis to believe any documents or testimony relevant to any material dispute exist. It asserts that the Moores' accountant "likely has relevant information on the Moores' calculation of their claimed refund and on the Moores' reporting of other items on their returns," Golden Decl. ¶ 8, but none of this is material for reasons already stated. The Government does not dispute the amount it received from the Moores for the MRT, and it is not entitled to review "other items" without meeting its threshold burden. The same errors undermine the Government's assertion that "written discovery" or "depositions" may help its case; because it has identified no particular case, there is nothing to support. Golden Decl. ¶¶ 6–8.

### IV.    At a Minimum, the Moores Are Entitled to Partial Summary Judgment

Although the Government asks the Court to defer granting the Moore's motion for summary judgment, it has identified no barrier to adjudicating the constitutionality of the MRT, an issue that necessarily affects the Moores' 2017 tax liability. Instead, the Government's assertions go solely to the amount of the refund to which the Moores would be entitled were they to prevail on the constitutional issue. Accordingly, even if the Court agrees with the Government that ordering a refund in the amount sought would be premature, it can and should still enter partial summary judgment on the lawfulness of the MRT and reach the issue of the refund amount at a later time. *See* Fed. R. Civ. P. 56(a) (authorizing summary judgment for any claim as to all or any part thereof); *First Fin. Bank, N.A. v. Christensen*, 2012 WL 2789020, at *2 (D. Nev. July 9, 2012) (granting partial summary judgment because, "while summary judgment is appropriate with

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 7
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone: (206) 332-1380

respect to the Guarantors' liability, summary judgment as to damages is premature"); *Paul v. Holland Am. Line, Inc.*, 463 F. Supp. 2d 1203, 1209 (W.D. Wash. 2006).

Indeed, it is difficult to imagine how the Court could resolve the Government's motion to dismiss—which asserts the constitutionality of the MRT—without also resolving the arguments to the contrary presented in the Moore's summary judgment motion. The Government appears to recognize as much: despite requesting that the Court "defer[]" consideration" of the Moores' summary judgment motion, Mot. at 1, it asserts that it would need discovery only if the Court were to "deny the motion to dismiss *or the Moores otherwise prevail on their constitutional challenge*," *id.* at 2 (emphasis added); *see also id.* at 3 (stating that the Government would need discovery only "assuming the Moore[s] prevail on the [constitutional] issues").

**<u>Conclusion</u>**

The Court should deny the Government's motion.

DATED this 26th day of May, 2020.

BAKER & HOSTETLER LLP

*s/ James R. Morrison*
James R. Morrison, WSBA No. 43043
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Tel:    206.332.1380
Fax:    206.624.7317
E-mail: jmorrison@bakerlaw.com

COMPETITIVE ENTERPRISE INSTITUTE
Sam Kazman*
Devin Watkins*
1310 L Street NW, 7th Floor
Washington, D.C. 20005
Tel: (202) 331-1010
Fax: (202) 331-0640
Email: Sam.Kazman@cei.org
Email: Devin.Watkins@cei.org

*Attorneys for Plaintiffs*

* Admitted *pro hac vice*.

Andrew M. Grossman*
David B. Rivkin, Jr.*
Jeffrey H. Paravano*
Katherine L. McKnight*
Nicholas C. Mowbray*
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
E-mail: agrossman@bakerlaw.com
E-mail: drivkin@bakerlaw.com
E-mail: jparavano@bakerlaw.com
E-mail: kmcknight@bakerlaw.com
E-mail: nmowbray@bakerlaw.com

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 8
CASE NO.:  2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was served by CM/ECF upon the following:

Kari M. Larson
Jennifer Y. Golden
U.S. Department of Justice
Tax Division, Western Region
P.O. box 683, Ben Franklin Station
Washington, D.C. 20044
Ph: 202-616-3822 (Larson)
Ph: 202-307-6547 (Golden)
Fax: 202-307-0054
Email: kari.m.larson@usdoj.gov; jennifer.y.golden@usdoj.gov

*Attorneys for Defendants*

DATED this 26th day of May, 2020 at Burien, Washington.

                                             *s/ Jennifer Hickman*
                                             Jennifer Hickman

PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S RULE 56(d) MOTION - 9
CASE NO.: 2:19-CV-01539 JCC

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3600
Seattle, WA  98104-4040
Telephone:  (206) 332-1380