Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHARLES G. MOORE AND KATHLEEN F. MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:19-cv-1539-JCC <br><br> **UNITED STATES' REPLY IN SUPPORT OF RULE 56(d) MOTION** |

The United States hereby replies to the Moores' opposition to the Rule 56(d) motion (Dkt. No. 35). The Rule 56(d) motion should be granted because the United States satisfies the requirements for relief under Ninth Circuit law. The Moores attempt to turn Rule 56(d) on its head by requiring the United States to prove up a defense before it can even get discovery. This is illogical. Rule 56(d) exists to allow litigants sufficient time to develop affirmative evidence before they have to oppose summary judgment. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Relief should be freely given when requested in the early stages of litigation, as was done here. *See Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003); *Atigeo LLC v. Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3–4 (W.D. Wash. Apr. 16, 2014).

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

**ARGUMENT**

**I.   The United States does not need to prove an offset to get discovery under Rule 56(d).**

The Moores put the cart before the horse. In their view, the United States must prove an offset before it can get discovery into a potential offset. But if the United States already had this proof, then it would not need relief under Rule 56(d) to fully oppose summary judgment.

To prevail under Rule 56(d), Ninth Circuit law requires only that a party opposing summary judgment identify the relevant information sought and some basis for believing that the information exists. *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004). The United States has done so. The United States detailed the written discovery and depositions it would need from the Moores and their CPA, in the event its motion to dismiss (Dkt. No. 26) is denied. Dkt. No. 34 at 3-4; Dkt. No. 34-2 (Golden Declaration). This discovery would let the United States determine how the Moores calculated their claimed refund, how the Moores decided the treatment of all other items on their returns, whether there are any offsets, and whether there are additional relevant witnesses. Dkt. No. 34 at 3, Dkt. No. 34-2. This information is plainly relevant in a tax refund suit.

The Moores, in contrast, by citing case law applicable to proof at trial rather than a movant's burden on a Rule 56(d) motion, misinterpret Ninth Circuit law as requiring the United States to essentially prove its case in order to obtain Rule 56(d) relief. In *Ahmanson*, the Ninth Circuit stated that, at trial, the government bears a "threshold burden" of "going forward" for an offset defense to a tax refund suit. *Ahmanson Found. v. United States*, 674 F.2d 761, 777–78 (9th Cir. 1981). *Ahmanson* did not consider the government's burden for purposes of Rule 56(d); the issue there was burden of proof at trial. *Id.* Therefore, *Ahmanson* does not stand for the proposition that the government has the burden to prove an offset before any discovery is even

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

done, as the Moores contend here. Likewise, the *Trust Services* case cited by the Moores concerns the burden of proof for offsets at trial. *Tr. Servs. of Am., Inc. v. United States*, 885 F.2d 561, 566–69 (9th Cir. 1989) (applying *Ahmanson* standard to offsets litigated at trial).

The Moores' stance that the Rule 56(d) request is "premised on . . . speculation" is untenable and unfair. Dkt. No. 35 at 7. Again, they misapply *Ahmanson*, which involves burden of proof at trial, to a situation where the parties are nowhere close to trial. *Id.* The United States has been as specific as possible in identifying the information it expects to obtain in discovery. As the Ninth Circuit previously stated: "[W]here, as in the present litigation, no discovery whatsoever has taken place, the party making a Rule [56(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 774 (finding district court abused its discretion in denying Rule 56(d) motion where party had "no fair opportunity to develop the record" on key defensive issue).

The Moores also accuse the United States of not "diligently" pursuing discovery of the evidence—yet discovery has not begun. Nor is being in possession of the Moores' returns sufficient information to determine liability except on the most simple of returns. Examining a taxpayer's return typically involves not just the IRS's internal evaluation of the return, but also gathering information from the taxpayer to support the return positions they have taken. It is facile to suggest that the United States could fully audit the Moores' returns without speaking to them and their CPA. Moreover, the Moores' proposed burden-shifting scheme would force the IRS to conduct a full audit of every possible issue in every return in which a refund is claimed, and potentially without taxpayer input (which the Moores appear to argue is unnecessary). That

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

1  would impose additional burdens on both the IRS and the taxpayer, particularly for refund

2  disputes the vast majority of which are unlikely ever to be litigated.

3  **II.     The Moores mischaracterize the dispute over the claimed refund amount.**

4  The dispute is not whether the Moores are claiming a $14,729 refund or whether the

5  Moores paid $14,729 to the IRS. That much is clear. *Contra* Dkt. No. 35 at 2-3. The issue is

6  whether the Moores *are entitled to* the $14,729 refund they have claimed.

7  As explained, the Moores must show they actually overpaid their taxes by $14,729, not

8  just prevail on their argument that 26 U.S.C. § 965 is unconstitutional. Dkt. No. 34 at 3 (citing

9  case law). The United States is entitled, in turn, to redetermine the Moores' 2017 tax liability and

10 raise any offsets that could reduce or eliminate any overpayment. *Id.* Potential offsets are a

11 critical part of the United States' defense, and cannot be summarily ignored with no opportunity

12 for discovery. *See Lewis v. Reynolds*, 284 U.S. 281, 283 (1932) (establishing government's right

13 to redetermine taxpayer's liability when a refund is claimed); *Cashman v. United States*, 931

14 F.2d 896 (Table), 1991 WL 67902, at *1–2 (9th Cir. 1991) (reaffirming *Lewis* principle).

15 The Moores have not even met their burden under Rule 56(a) to show their entitlement to

16 the claimed $14,729 refund. As stated in the United States' reply/response brief, Dkt. No. 33 at

17 36, the Moores have provided no evidence on how they arrived at the $14,729 amount or why it

18 is correct. Their sole supporting declaration (Dkt. No. 29-3) for the refund amount is merely

19 hand waving that $14,729 is owed to them if § 965 is unconstitutional. The fact that the Moores

20 made a "separate payment" and filed a "separate" return to satisfy their § 965 liability is a red

21 herring. The Moores still have to show: (1) that they correctly calculated $14,729 as their § 965

22 liability, and (2) that they are due a refund, given the rest of the return and any offsets. They have

23

24

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

not done so, and regardless, the United States is entitled to at least some discovery to determine if the $14,729 amount was correctly calculated and to identify any offsets.

### III. The constitutionality of § 965 is a purely legal question.

The Rule 56(d) request relates only to whether the Moores are owed a refund if the United States' Motion to Dismiss (Dkt. No. 26) is denied or if § 965 is otherwise found unconstitutional. The United States moved to dismiss the complaint under Rule 12(b)(6) because the only basis that the Moores raised for a refund is § 965's constitutionality—a legal issue that can be resolved without discovery. The United States' Rule 56(d) request does not change that. But if the court agrees with the Moores' position on § 965, the United States is still entitled to raise offsets as a defense and to obtain discovery before the court rules on whether the Moores are entitled to a $14,729 refund.

### CONCLUSION

The court should grant the United States' Rule 56(d) motion for the reasons stated here and in the original motion. The United States meets the Ninth Circuit standard for Rule 56(d) relief, which requires only that it identify relevant evidence it might obtain through discovery. The Moores would instead burden the United States with having to prove its case before getting any discovery—the exact opposite of what Rule 56(d) is meant to accomplish.

Dated: May 29, 2020

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Kari M. Larson
KARI M. LARSON
Senior Litigation Counsel
JENNIFER Y. GOLDEN
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044
Tel:  202-616-3822 (Larson)
Tel:  202-307-6547 (Golden)
Fax: 202-307-0054
Kari.M.Larson@usdoj.gov
Jennifer.Y.Golden@usdoj.gov

*Attorneys for the United States of America*

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, I served a copy of the foregoing document by filing a copy through the Court's CM/ECF system, which will send an electronic copy to:

James R. Morrison (jmorrison@bakerlaw.com)
Baker & Hostetler LLP
999 Third Avenue
Suite 3600
 Seattle, WA 98104-4040

Andrew M. Grossman (agrossman@bakerlaw.com)
David B. Rivkin, Jr. (drivkin@bakerlaw.com)
Jeffrey H. Paravano (jparavano@bakerlaw.com)
Katherine L. McKnight (kmcknight@bakerlaw.com)
Nicholas C. Mowbray (nmowbray@bakerlaw.com)
Baker & Hostetler LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304

Competitive Enterprise Institute
Sam Kazman (Sam.Kazman@cei.org)
Devin Watkins (Devin.Watkins@cei.org)
1310 L Street NW, 7th Floor
Washington, D.C. 20005

*Attorneys for Plaintiffs*

Respectfully submitted,

/s/ Kari M. Larson
KARI M. LARSON
Tax Division
U.S. Department of Justice

U.S. Reply – Rule 56(d) Motion
(Case No. 2:19-cv-1539-JCC)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6547